**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

CARTIER INTERNATIONAL AG and
CARTIER, a division of RICHEMONT NORTH
AMERICA, INC.

        Plaintiffs,

    v.

ILS HOLDINGS, LLC and SWISS WATCH
INTERNATIONAL, INC d/b/a THE SWI
GROUP,

        Defendants.
---------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-21-11

10 Civ. 6390 (LBS)

**JOINT REPORT ON
RULE 26(f) CONFERENCE
AND PROPOSED
DISCOVERY PLAN**

    The Parties, by their counsel, having met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure to consider the nature and basis of their claims and defenses, the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning those issues and items set forth in Rule 26(f), hereby submit the following pursuant to Rule 26(f) of the Federal Rules of Civil Procedure:

    1.  The Parties shall serve initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before December 6, 2010. The Parties do not request changes in the timing, form or requirements of said disclosures.

    2.  The last date to serve amended pleadings, including to join additional parties, without leave of court shall be February 7, 2011.

    3.  The last date to complete fact discovery shall be July 8, 2011. The parties do not currently see a need to have discovery conducted in phases or limited to or focused upon

{F0713856 1 }

**MEMO ENDORSED**

particular issues, except that the parties believe that expert discovery, if any, should follow fact discovery. The parties do not currently see a need to make changes in the limitations on discovery imposed under the Fed. R. Civ. P. or the local rules of this Court. The parties anticipate needing fact discovery on the following subjects:

    a. Plaintiffs, without prejudice to their rights to seek discovery on any relevant issue, contemplate that they will need and will seek discovery concerning: (1) Defendants' sales of CARTIER-branded merchandise, including customers and volume; (2) Defendants' advertising, marketing and promotion of CARTIER-branded merchandise; (3) Defendants' representations regarding the nature and quality of its CARTIER-branded merchandise; (4) Defendants' representations regarding warranties attaching to its CARTIER-branded merchandise; (5) consumer complaints regarding CARTIER-branded merchandise sold by Defendants; (6) Defendants' source(s) for CARTIER-branded merchandise; (7) Defendants' knowledge of Plaintiffs, the CARTIER mark, and merchandise bearing the CARTIER mark; (8) the individuals responsible for Defendants' unlawful activities; and (9) the basis for each and every one of Defendants' affirmative defenses.

    b. Defendants, without prejudice to their rights to seek discovery on any discoverable issue, contemplate at this early stage that they will seek discovery concerning Cartier's trademarks, and the validity thereof, Cartier's quality control systems, Cartier's purchase of the watches it alleges to have purchased in the Complaint, Cartier's purported investigation related to the watches at issue, Cartier's damages, if any, Cartier's warranty, Cartier's practices and procedures related to the sale of watches, the basis for each and every

{F0713856.1 }

**MEMO ENDORSED**

allegation in the Complaint, and any other relevant or discoverable fact which Defendants deem to be appropriate.

4. Expert reports, if any, on issues on which a party has the burden of proof shall be served on or before August 8, 2011. Rebuttal expert reports, if any, shall be served on or before September 9, 2011.

5. Expert depositions, if any, shall be completed on or before October 28, 2011.

6. Dispositive motions shall be served on or before December 2, 2011.

7. The Joint Pre-Trial Order shall be submitted on December 9, 2011 if no dispositive motions are filed, otherwise within sixty (60) days after all dispositive motions are decided.

8. The Parties do not have any current views or proposals relating to disclosure or discovery of electronically stored information and are hopeful that they will be able to work out any issues relating to electronic discovery as and when they arise.

9. The Parties anticipate that they will ask the Court to enter a Confidentiality Stipulation and Protective Order providing for protection of confidential and proprietary information produced in discovery.

Respectfully submitted,

*[signatures]*
3/21/2011

**MEMO ENDORSED**

{F0713856.1}

| FROSS ZELNICK LEHRMAN & ZISSU, P.C.<br><br>By _____/s/ John Margiotta_____<br>    John P. Margiotta<br>    Laura Popp-Rosenberg<br>866 United Nations Plaza<br>New York, New York  10017<br>Tel: (212) 813-5900<br>*jmargiotta@frosszelnick.com*<br>*lpopp-rosenberg@frosszelnick.com*<br><br>*Attorneys for Plaintiffs* | TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT, LLP<br><br>By _____/s/ Donald Prutzman_____<br>    L. Donald Prtuzman<br>900 Third Avenue<br>New York, New York  10022<br>Tel: (212) 508-6739<br>*prutzman@thshlaw.com*<br><br>COFFEY BURLINGTON, PL<br>Gabriel Groisman *(to be admitted pro hac vice)*<br>Kevin Kaplan *(to be admitted pro hac vice)*<br>2699 S. Bayshore Drive, Penthouse<br>Miami, FL  33133<br>ggroisman@coffeyburlington.com<br>kkaplan@coffeyburlington.com<br><br>*Attorneys for Defendants* |

**MEMO ENDORSED**

{F0713856.1 }